This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41586**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**WALTER FLORES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**John P. Sugg, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**    This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022 (the Administrative Order). Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order, we affirm for the following reasons.

**{2}**     Defendant is appealing his convictions for aggravated battery with a deadly weapon and aggravated assault with a deadly weapon. On appeal, he challenges the sufficiency of the evidence to support his convictions, and he claims that defense counsel provided ineffective assistance of counsel.

**Sufficiency of the Evidence**

**{3}**     "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880.

**{4}**     In order to convict Defendant for aggravated battery with a deadly weapon, the evidence had to show that Defendant shot Guiselle Guillen with a firearm, and that he intended to injure her or another. [RP 313] In order to convict Defendant of assault with a deadly weapon, the evidence had to show that Defendant shot at Ulises Ontiveros with a firearm, that this caused Ulises to believe Defendant was about to intrude on his bodily integrity or personal safety by touching or applying force in a rude, insolent, or angry manner, and that a reasonable person would also have the same belief. [RP 317]

**{5}**     Here, the State presented evidence that 100-150 people were attending a graduation party on the evening of May 27, 2022. [BIC 2] A fight broke out, and a responding officer arrived and saw that Guiselle had been shot. [BIC 2] A number of people at the scene claimed that they did not see what happened. [BIC 3] However, witnesses at the trial testified that Defendant and Ulises got into an argument, and Defendant pulled out a gun just before the gun went off. [BIC 8-9] Just prior to the shot being fired, Guiselle got in between Ulises and Defendant. [BIC 9] Ulises testified that Defendant walked up to him and said, "I'm going to kill you." [BIC 9] Although Ulises had made a pretrial statement that he wasn't really scared because he did not have time to think, he testified that he thought Defendant was going to shoot him when he saw the gun spark. [BIC 9-10] Guiselle's testimony largely corroborated Ulises's testimony, but she testified that she did not see the gun. [BIC 9] Guiselle testified that she had been shot three times. [BIC 10] A shell casing was thereafter matched to Defendant. [BIC 5, 12]

**{6}**     With respect to both convictions, Defendant points to the conflicts in the stories of the various people at the party. [BIC 12] It does not appear that most of these people

ended up as witnesses. In any event, to the extent that there were some discrepancies in the testimony presented at trial, it was the jury's role to resolve these conflicts. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). In this case the eyewitness testimony, along with the shell casing evidence, was sufficient to support both convictions.

**{7}** With respect to the assault conviction, Defendant claims that the State failed to establish that Ulises was in subjective fear of imminent harm because he did not believe that Defendant would shoot. [BIC 13-14] However, the jury was free to reject Ulises's testimony that he was not in subjective fear of being shot; the jury could attribute this to a disingenuous attempt to project toughness. In any event, Ulises clarified in his testimony that he did in fact believe that Defendant was going to shoot him when he saw the firearm spark. [BIC 9-10]

**{8}** With respect to the battery conviction, Defendant claims that there was no evidence to support Guiselle's testimony that she had been shot three times. [BIC 15] However, there was no need to prove that she was shot three times, since Defendant's conviction only required the evidence to show that Guiselle had been shot once. [RP 313]

**Ineffective Assistance of Counsel**

**{9}** Defendant claims that defense counsel was ineffective. [BIC 16] In order to make a prima facie case of ineffective assistance of counsel, "a defendant must show error on the part of counsel and prejudice resulting from that error." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105, *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, 332 P.3d 850. Such a finding requires that the attorney's conduct fell below that of a reasonably competent attorney. *Id.*

**{10}** Defendant claims that defense counsel was ineffective because he should have called additional witnesses. [BIC 17-18] It is well established that "[t]he decision whether to call a witness is a matter of trial tactics and strategy within the control of trial counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 47, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). Defendant also claims that defense counsel did not thoroughly investigate the case, and simply "phoned it in." [BIC 22] This generalized assertion is insufficient to establish prejudice. *Cf. State v. Ortega*, 2014-NMSC-017, ¶¶ 57, 59, 327 P.3d 1076 (rejecting claims of ineffective assistance of counsel because the arguments were speculative).

**{11}** With this in mind, we acknowledge that "[e]vidence of an attorney's constitutionally ineffective performance and any resulting prejudice to a defendant's case is not usually sufficiently developed in the original trial record." *State v. Crocco*, 2014-NMSC-016, ¶ 13, 327 P.3d 1068. As Defendant observes, a habeas corpus proceeding can be the proper venue for Defendant to pursue his claim. [BIC 23-24] *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his

Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

**{12}** For the reasons set forth above, we affirm.

**{13}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**